## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA Y. MCCLAIN,
                Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
DC-0831-19-0020-I-1

DATE: July 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gloria Y. McClain, Clinton, Maryland, pro se.

Alison Pastor, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) finding her ineligible to receive annuity benefits under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only in the following

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed. Between 1980 and 1986, the appellant was employed by the U.S. Air Force, first at Maxwell Air Force Base, Alabama, then in Washington, D.C. Initial Appeal File (IAF), Tab 11 at 19, 21. Her service with the Air Force was covered by CSRS. *Id.* at 19. She resigned from her position as a Secretary in June 1986 and submitted to OPM a request for the refund of her retirement deductions. *Id.* at 19, 21. On August 4, 1986, OPM refunded her retirement deductions for that period of service in the amount of $5,538.33. *Id.* at 12.

In 1992, the appellant reentered the Federal service as a Program Specialist for the Department of State in Washington, D.C. IAF, Tab 1 at 2, Tab 11 at 10, Tab 16, Hearing Compact Disc (HCD) (testimony of the appellant). Due to the emotional effects of the deaths of her mother, father, and sister in 2011 and 2012, the appellant resigned from that position in 2015. IAF, Tab 11 at 17, Tab 14 at 2; HCD (testimony of the appellant). On April 8, 2015, she requested a refund of

her retirement deductions for her service with the Department of State.[2] IAF, Tab 11 at 14-15. OPM issued the appellant a refund of her deductions in the amount of $12,294.29. *Id.* at 12, 17-18.

Thereafter, the appellant submitted an Application for Deferred Retirement. *Id.* at 9-11. On July 20, 2018, OPM issued the appellant a final decision informing her that she was not eligible to receive annuity benefits under CSRS because she had previously requested and received refunds of her deductions. *Id.* at 12-13. The appellant filed the instant appeal with the Board challenging OPM's decision. IAF, Tab 1. After holding a telephonic hearing during which the appellant was the only witness to testify, the administrative judge issued an initial decision agreeing with OPM and finding that the appellant failed to show that she was entitled to an annuity. IAF, Tab 17, Initial Decision (ID) at 3-4.

The appellant has filed a petition for review, and OPM has responded. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proving her entitlement to the retirement benefits she seeks by a preponderance of the evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). An employee's request and receipt of a refund of her CSRS contributions generally extinguishes her right to receive a retirement annuity, unless she is later reemployed in a covered position and makes a redeposit of previous retirement contributions. *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008).

---

[2] The Application for Refund of Retirement Deductions shows that the appellant requested a refund of her deductions from 1987 through 2015. IAF, Tab 11 at 14. However, the appellant testified that she was employed as a Government contractor prior to her reentry into the civil service in 1992. HCD (testimony of the appellant). Thus, her time between 1987 and 1992 was not covered by CSRS, and she did not receive a refund for that time period.

OPM's letter informing the appellant that she was not entitled to an annuity explained that she filed for and received refunds of her deductions for the time periods for which she would have been eligible to collect an annuity. IAF, Tab 11 at 12. It further informed her that those refunds voided her right to an annuity, and that because she was not currently employed by the Federal Government, she was not eligible to make a redeposit of the refunds. *Id.* The administrative judge agreed with OPM, finding that the appellant did not deny applying for and receiving the refunds and noting that she had not alleged that she is reemployed with the Federal Government. ID at 4. Based on the well-established principle that an employee cannot collect an annuity when she has requested and received a refund of her retirement deductions, and is not reemployed with the Federal Government, we agree with OPM and the administrative judge that the appellant is not eligible to collect an annuity. *See Youngblood*, 108 M.S.P.R. 278, ¶ 12.

In her petition for review, the appellant argues that she suffered from depression and was unable to make sound decisions when she elected to apply for the refunds of her retirement deductions. PFR File, Tab 1 at 4. She further argues that the administrative judge and OPM did not consider her mental state when issuing their decisions. *Id.* We find these arguments to be without merit. The initial decision reflects that the administrative judge considered the appellant's mental health status, stating that he was sympathetic to her situation, but found that she was nonetheless not eligible to receive an annuity. ID at 4.

Regarding whether the appellant's mental state impacts her eligibility to collect an annuity, the Board and its reviewing court have considered an exception to the general rule that receipt of a refund of deductions voids an annuity, finding that an individual who was mentally incompetent at the time she applied for and received the refund is not responsible for that election. *Wadley v. Office of Personnel Management*, 103 M.S.P.R. 227, ¶ 11 (2006); *see Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060-61 (Fed. Cir.

1985) (considering a claim that an individual's election to receive a refund of her retirement contributions was not binding because she was not competent, but concluding that the evidence did not support a finding of mental incompetence). We find this exception inapplicable here because the record does not support a finding that the appellant was incompetent when she elected to request a refund of her deductions. The doctor's note upon which the appellant relied below is dated March 18, 2019, and states that she has been under the physician's care for 9 years. IAF, Tab 14 at 4. Thus, this physician was not treating the appellant at the time of her first request for a refund of her deductions in 1986 and cannot attest to her mental state at that time.

The letter goes on to summarize the appellant's depression and attributes it to the death of her mother and the loss of her job. *Id*. Concerning the appellant's decision to request a refund of her deductions in 2015, the physician stated, "[o]bviously, she had abnormal thinking and could not make such decisions." *Id*. Although we sympathize with the appellant, we find this statement to be insufficient to establish that she was incompetent to make the decisions at issue here. The record contains no evidence that she was formally adjudicated to be incompetent or that a legal guardian has been appointed for her at any time. Therefore, we find that the appellant's mental state does not exempt her from the general rule that a refund of deductions voids a future annuity. *See Yarbrough*, 770 F.2d at 1061 (considering whether an appellant was formally declared incompetent or had a legal guardian as relevant factors in assessing competency).

The appellant also argues on review that OPM incorrectly placed her in the Federal Employees Retirement System (FERS) and that she never received counseling on retirement issues when she left the Federal service. PFR File, Tab 1 at 4-5. We find these arguments also to be without merit. The appellant has not pointed to any document indicating that she was placed in FERS; her applications for refunds of her deductions, her application for deferred retirement, and OPM's decision all reference CSRS. IAF, Tab 11 at 9-21. Nonetheless, the

principle that the request and receipt of a refund of deductions voids eligibility for an annuity applies regardless of whether the employee made retirement contributions to CSRS or FERS. *See* 5 U.S.C. §§ 8342(a), 8424(a).

Regarding the assertion that OPM never counseled the appellant on retirement issues upon her resignation, the record reflects that the appellant was on notice that the request and receipt of a refund of her deductions would void her eligibility to collect an annuity. The 1986 Application for Refund of Retirement Deductions informed the appellant that "[i]f you have more than 5 years of service, you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed subject to the Civil Service Retirement Law." IAF, Tab 11 at 20. Therefore, the appellant was aware as early as 1986 that a refund of her deductions would impact her eligibility for an annuity. Regarding her second request for a refund, although the full documentation for that request does not appear to be included in the record, the relevant form that she completed, Standard Form 2802, *id.* at 14-16, is available on OPM's website and provides instructions for the completion of the form, including a caution that an applicant's entitlement to an annuity will be forfeited upon the receipt of a refund. Regardless of the appellant's claims below and on review, OPM cannot be required to pay an annuity when an applicant does not meet the statutory requirements for it. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 423-24, 434 (1990) (concluding that payment of an annuity that would be in direct contravention of the Federal statute upon which the applicant's ultimate claim to the funds must rest would violate the Appropriations Clause of the Constitution); *see also Pagum v. Office of Personnel Management*, 66 M.S.P.R. 599, 601 (1995) (stating that when an applicant does not meet the requirements for an annuity, OPM cannot be required to pay the annuity).

Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision, which affirmed the final decision by OPM denying the appellant's application for CSRS annuity benefits.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.